IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Gettus Leroy Mintz,

            Petitioner,

    vs.

Charles L. Ryan, et al.,

            Respondents.

Case No. 2:13-cv-01543-PHX-SLG

**ORDER DISMISSING PETITION FOR HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus ("Petition") filed on July 29, 2013 by Petitioner Gettus Leroy Mintz pursuant to 28 U.S.C. § 2254.[1] On October 2, 2014, Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R") recommending that the Petition be dismissed with prejudice and that a Certificate of Appealability be denied.[2] On October 20, 2014, Mintz filed objections to the R&R.[3]

For the reasons set forth herein, the Court will accept the Magistrate Judge's recommendation and, accordingly, the Petition will be denied and this action dismissed

---

[1] Docket 1 (Pet.).

[2] Docket 22 (R&R).

[3] Docket 23 (R&R Objections).

with prejudice.  However, the Court will grant a limited Certificate of Appealability.

## FACTUAL AND PROCEDURAL BACKGROUND

The R&R summarizes the factual and procedural background of this case and, except as discussed below, Mintz has not objected to the Magistrate Judge's recital.[4]

Mintz's Petition asserts four grounds for relief:

1. Ineffective assistance of trial counsel in violation of the Sixth Amendment in connection with trial counsel's failure to investigate and challenge the state's alleged use of certain perjured testimony.

2. Ineffective assistance of post-conviction relief (PCR) counsel in violation of the Sixth Amendment in connection with PCR counsel's failure to raise meritorious arguments.

3. Ineffective assistance of trial, appellate, and PCR counsel for not presenting exculpatory evidence or challenging false evidence presented by the prosecution.

4. Prosecutorial misconduct and violation of Mintz's Sixth Amendment rights related to the presentation of perjured testimony.[5]

The R&R concluded that, without any tolling, Mintz's one year limitations period under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) expired on December 31, 2011.[6]  The Magistrate Judge then analyzed statutory tolling of the limitations period and concluded that Mintz's first PCR proceeding and motion for reconsideration extended the limitations period to November 22, 2012.[7]  The Magistrate Judge determined that Mintz's Second and Third PCR petitions were untimely and do not

---

[4] Docket 22 (R&R) at 2-9.

[5] Docket 1 (Pet.) at 21-38.

[6] Docket 22 (R&R) at 9.

[7] Docket 22 (R&R) at 10.

entitle Mintz to additional tolling.[8]

The R&R also determined that equitable tolling was not applicable based on either (1) Mintz's *pro se* status, or (2) the District Court's dismissal of his first habeas petition without prejudice for failure to exhaust state remedies.[9]

Accordingly, the R&R concluded that Mintz's July 29, 2013 Petition was untimely because it was filed after the AEDPA limitations period, which had expired on November 22, 2012, and recommended dismissal with prejudice on that basis.

Mintz filed timely objections to the R&R asserting that:

(1) He is entitled to tolling of the time between September 4, 2012 (the filing date for his original habeas petition) and July 29, 2013 (the date on which he filed the current petition).[10]

(2) He did not knowingly, voluntarily and personally waive his constitutional right to counsel.[11]

(3) He did not have access to his legal records and was accordingly unable "to file a comprehensive [Arizona Criminal] Rule 31.13 Direct Appeal in a timely manner."[12]

(4) The Arizona courts did not dismiss Mintz's second PCR petition as untimely so it must be deemed "properly filed" and statutory tolling must apply to the time it was pending in the state court.[13]

## STANDARD OF REVIEW

---

[8] Docket 22 (R&R) at 12-15.

[9] Docket 22 (R&R) at 15-25. *See* Case No. 2:12-cv-1868-PHX-SLG (JFM), Docket 4 (Order, dated October 15, 2012).

[10] Docket 23 (Objections) at 2-3.

[11] Docket 23 (Objections) at 4-7.

[12] Docket 23 (Objections) at 9.

[13] Docket 23 (Objections) at 11-13.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[14]  However, a court must "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made."[15]  But "[n]either the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct."[16]

## DISCUSSION

AEDPA provides for a one year statute of limitations for an application for a writ of habeas corpus to be filed by a person in custody pursuant to the judgment of a state court.[17]  However, AEDPA also provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."[18]  The R&R thoroughly sets out the applicable law on the standards for habeas relief, as well as the law on statutory and equitable tolling.

Mintz's objections regarding his right to counsel and access to his records on his direct appeal do not directly pertain to the R&R's conclusion that the AEDPA limitations

---

[14] 28 U.S.C. § 636(b)(1)(C).

[15] *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (quoting 28 U.S.C. § 636(b)(1)(C)) (emphasis omitted).

[16] *Reyna-Tapia*, 328 F.3d at 1121.

[17] 28 U.S.C. § 2244(d)(1).

[18] 28 U.S.C. § 2244(d)(2).

period had expired and that neither statutory nor equitable tolling extended the period to include the current habeas petition.

In arguing that he is entitled to tolling between the time of his first and second habeas petitions, Mintz relies on *Underdahl v. Carlson*, which he quotes for the proposition that "a petitioner who presents a mixed petition should be allowed to amend his petition to include only his exhausted claims."[19] Mintz does not, however, point to any claim in his first habeas petition that he believes was exhausted. The R&R concluded that Mintz's first petition was not a "mixed" petition containing both exhausted and unexhausted claims.[20] Rather, the R&R noted that Mintz "had not had any claims ruled on by the Arizona Court of Appeals at the time his first habeas petition was dismissed," such that all of the claims presented in that petition had not been exhausted.[21] In so concluding, the Magistrate Judge thoughtfully and thoroughly considered whether the Arizona Court of Appeals' review on direct appeal pursuant to *Anders v. California*[22] resulted in exhaustion and determined that that review was not "sufficiently prescribed and narrow as to create a presumption that the state court actually considered any specific constitutional claims."[23] This Court has reviewed the Court of Appeals'

---

[19] Docket 23 (Objections) at 3 (quoting 381 F.3d 740, 744 (8th Cir. 2004)). *See also Henderson v. Johnson*, 710 F.3d 872, 873-74 (9th Cir. 2013) (holding that a habeas petitioner who files a mixed petition containing both exhausted and unexhausted claims must be given leave to amend the petition to proceed on only the exhausted claims).

[20] Docket 22 (R&R) at 17.

[21] Docket 22 (R&R) at 17.

[22] 386 U.S. 738 (1967).

[23] Docket 22 (R&R) at 21.

Memorandum Decision and concurs with and accepts this analysis.  Accordingly, Mintz's argument regarding his first habeas petition constituting a basis to extend the limitations period is unavailing.

Mintz also asserts that he is entitled to tolling based on the District Court's citation to *Sherwood v. Tomkins*, 716 F.2d 632 (9th Cir. 1983) and *Schnepp v. Oregon*, 333 F.2d 288 (9th Cir. 1964) in its Order dismissing Mintz's first habeas petition.[24]  Mintz does not, however, explain his objection to the R&R's thorough analysis of the Court's citation of those decisions or the Magistrate Judge's conclusion that those citations did not constitute an "affirmative misstatement."[25]  Nor does Mintz explain which claim(s) he asserts had been exhausted when he filed his first habeas petition.  Rather, the Court finds the Magistrate Judge's analysis persuasive and adopts the R&R's reasoning and conclusion.

Finally, Mintz objects to the R&R's conclusion that Mintz's second and third PCR petitions were untimely.[26]  Mintz argues that the Arizona PCR court, after initially finding the second petition untimely, did not ultimately dismiss the petition on that basis.  The Magistrate Judge, however, recognized that the Arizona court did not dismiss based on untimeliness and accordingly undertook his own timeliness analysis, concluding that Mintz's "second and third PCR petitions would have been ruled untimely by the Arizona courts had they addressed the issue [and] . . . [a]ccordingly, [Mintz] is not entitled to any

---

[24] Docket 23 (Objections) at 2-3.  *See also* Case No. 2:12-cv-01868-PHX-SLG (JFM), Docket 4 (Order, dated October 15, 2012).

[25] Docket 22 (R&R) at 22-25.

[26] Docket 23 (Objections) at 11-13.

statutory tolling for the pendency of his second and third PCR petitions."[27]  Mintz does not include any objections specifically pertaining to the Magistrate Judge's analysis or conclusions as to untimeliness.  Upon *de novo* review, the Court adopts the R&R's well-reasoned analysis and conclusion.

For the foregoing reasons, the Court will accept the Magistrate Judge's Report and Recommendation.  However, in light of the Ninth Circuit's holding in *Henderson v. Johnson*, 710 F.3d 872, 873-74 (9th Cir. 2013), the Court will grant a limited Certificate of Appealability on the issue of whether Mintz is entitled to equitable tolling between the time of his first and second habeas petitions.  While the Court agrees with and accepts the R&R's conclusion that Mintz's first petition did not contain any exhausted claims, Mintz was not then provided an opportunity to amend his first petition to identify any claims that he believes had been exhausted, which arguably provides a basis for equitable tolling of the AEDPA limitations period. [28]  The Court finds that jurists of reason might find it debatable whether the district court was correct on this procedural ruling.  *See* 28 U.S.C. § 2253(c).

//

//

---

[27] Docket 22 (R&R) at 14.  In this regard, the Magistrate Judge quoted *Evans v. Chavis*, 546 U.S. 189, 198 (2006) ("a federal habeas court should 'examine the delay in each case and determine what the state courts would have held in respect to timeliness.'")

[28] *See* 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if the applicant has made "a substantial showing of the denial of a constitutional right," i.e., a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (internal quotation marks and citations omitted)).

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED**:

1. The Magistrate Judge's Report and Recommendation filed October 2, 2014 is ACCEPTED, except as discussed in paragraph 2 below, and the Petition for Habeas Corpus is DENIED and DISMISSED WITH PREJUDICE.

2. A Certificate of Appealability is GRANTED solely on the issue of whether the period of time between the filing of Mintz's first and second habeas petitions should be excluded from the AEDPA limitations period; a Certificate of Appealability is otherwise DENIED by this Court.

3. The Clerk of Court shall enter a final judgment accordingly.

DATED this 4th day of May, 2015

/s/ Sharon L. Gleason
United States District Judge